**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| F.D., | : | |
| *on behalf of* J.D.F., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:24-CV-202 (LAG) |
| | : | |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is Plaintiff's Consent Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA), dated April 29, 2025. (Doc. 11). Plaintiff filed this Complaint on December 30, 2024, seeking review of the Social Security Administration's denial of her claim for disability benefits under the Social Security Act. (Doc. 1). On February 12, 2025, Defendant, with Plaintiff's consent, filed a Motion for Remand under Sentence Six of 42 U.S.C. § 405(g), which the Court granted on February 25, 2025. (Docs. 8, 9). Plaintiff now moves for attorney's fees under the EAJA. (Doc. 11). The Commissioner does not oppose the Motion. (*See id.* at 2). The Motion is now ripe for review. *See* M.D. Ga. L.R. 7.7.

Pursuant to the EAJA, a court shall award attorney's "fees and other expenses" to a prevailing party in a non-tort civil action against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Because the Court remanded this action, Plaintiff is a prevailing party, and the Court must award Plaintiff attorney's fees, unless the Government's position was substantially justified, or special circumstances make the award unjust. *See Johnson v. Colvin*, No. 5:12-CV-460 (MTT), 2014 WL 657370, at *1 (M.D. Ga. Feb. 20, 2014) ("A claimant who obtains a court order

remanding her Social Security claim to the Commissioner for further proceedings is a prevailing party for purposes of the EAJA." (citing *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993))). The Commissioner does not argue that the Government's position was substantially justified or that special circumstances make an award unjust. *Stratton v. Bowen*, 827 F.2d 1447, 1450 (11th Cir. 1987) ("The government bears the burden of showing that its position was substantially justified." (citations omitted)). Accordingly, Plaintiff is entitled to reasonable attorney's fees.

Under the EAJA, the Court determines the amount of a reasonable fee using the lodestar method—i.e., "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) (explaining that *Hensley*'s lodestar method applies to EAJA cases). In determining the number of hours reasonably expended, fee applicants must exercise "billing judgment." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (citation omitted); *see also Sanfilippo v. Comm'r of Soc. Sec.*, No. 08-14203, 2009 WL 1532039, at *3 (11th Cir. June 3, 2009) (per curiam) (citation omitted). To determine the appropriate hourly rate, the Court utilizes a "two-step analysis." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). First, the Court must "determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" *Id.* (alteration in original) (citation omitted). Second, if the market rate is greater than $125.00 per hour, the Court must determine whether to "adjust the hourly fee upward" to account for any "increase in the cost of living, or a special factor." *Id.* at 1033–34; 28 U.S.C. § 2412(d)(2)(A) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.").

Here, Plaintiff seeks $679.96 in attorney's fees for a total of 2.70 hours of work at $251.84 an hour. (*See* Doc. 11-3 at 2). First, 2.70 hours is a reasonable number of hours to spend litigating this case. *See Thomas v. Comm'r of Soc. Sec.*, No. 7:09-CV-52 (HL), 2012 WL 2343755, at *2 (M.D. Ga. June 20, 2012) (stating that "40.25 hours is generally reasonable" for EAJA cases). Second, Plaintiff's hourly rate of $251.84 is reasonable,

2

based on the maximum hourly rate under the EAJA and an adjustment for inflation based on the Consumer Price Index for December 2024 and February 2025, when Plaintiff's Counsel performed this work. Moreover, the Commissioner does not oppose Plaintiff's Motion. (Doc. 11 at 2). Accordingly, Plaintiff's Consent Motion for Attorney's Fees (Doc. 11) is **GRANTED**. Plaintiff shall receive attorney's fees in the amount of **$679.96**. Payment shall be made payable to Plaintiff and delivered to Plaintiff's Counsel if Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government may accept Plaintiff's assignment of EAJA fees and pay them directly to Plaintiff's Counsel.

       **SO ORDERED**, this 14th day of April, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**